The opinion of the Court was delivered by
Fenner, J.
This is a proceeding for expropriation of five 14-100 acres of land on defendant’s plantation, required for the construction of the plaintiff’s railroad, and for the assessment of the value thereof, and of the damages which defendant may suffer in consequence of said “expropriation.
The jury of freeholders found a verdict, by which, instead of assessing the money value of the property and damages, the5r required the plaintiff to do certain work in lieu thereof.
*537 Both parties have appealed.
The verdict of the jury is clearly erroneous. Their function is confined to the assessment of value of property, and of damages, in money.
The legal principles involved are very simple.
1. The value of the property must he assessed on the basis of its value “ before tlie contemplated work was proposed, and without deducting therefrom any amount for benefit derived by the owner from the work.” C. C. 2633.
The same rule would apply to any estate, less than the fee, which might he expropriated. We find no reason or authority for making a difference.
2. They must assess the damages which the owner will sustain, in consequence of the work, in addition to the value of the property taken.
The defendant has the right to have this assessment made according to the best attainable data, and cannot be required to have his right held in abeyance until the damage is actually suffered. Such is the clear effect of Art. 156 of the present Constitution.
But the advantages which the owner would derive from the work may be offset against these damages, the damage suffered being only the excess of injury over benefit.
It would he proper for the jury to itemize in their verdict all the elements of damages allowed.
. Both parties appeal to us to render the verdict which the jury should have done.
We might be authorized to do this; but, after reading the evidence, we do not feel that we could settle the damages with any confidence in the justice of our determination, and we must decline to do so.
They are matters peculiarly within the province of a jury of freeholders, and, without the aid of the prior determination of such a jury, as contemplated by law, we do not feel disposed to undertake the task.
It is, therefore, ordered, adjudged and decreed, that tlie verdict and judgment appealed from, be annulled, avoided and reversed, and that this cause be remanded for further proceedings according to law; costs of this appeal to he divided between the parties,